1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

| | |
|---|---|
| CHOFFY LLC, a Washington limited liability company, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;** |
| CRIO INC., a Utah corporation, ERIC VAUGHN DURTSCHI, individually, and DOES 1-10, | **(2) FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING, 15 U.S.C., § 1125;** |
| Defendants. | **(3) COUNTERFEITING, 15 U.S.C. § 1114;** |
| | **(4) VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(D);** |
| | **(5) WASHINGTON COMMON LAW UNFAIR COMPETITION;** |
| | **(6) WASHINGTON UNFAIR BUSINESS PRACTICES, RCW § 19.86** |

25
26
27
28

Choffy's Complaint
Case No.

1

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

**(7) CONTRIBUTORY INFRINGEMENT;**

**(8) ACCOUNTING COMMON LAW;**

**(9) CONSTRUCTIVE TRUST COMMON LAW; and**

**(10) UNJUST ENRICHMENT COMMON LAW**

**JURY DEMAND**

Plaintiff CHOFFY LLC alleges as follows, upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

## NATURE OF THE ACTION

1.      For years, Plaintiff, itself and through its predecessor-in-interest (collectively "Plaintiff" or "Choffy"), has dedicated itself to helping others to live better, healthier lives from the cacao (cocoa) bean.  Plaintiff has spent considerable sums advertising its CHOFFY brewed drink, and has succeeded in building it into a well-recognized brand that has generated over $1,000,000.00 worth of sales revenue since its inception.

2.      Consequently, the CHOFFY drink has been featured in numerous articles and blogs, touting its taste and other benefits.  For example, "Choffy was so delicious, I drank it without milk and sugar...."  Johannes,  Laura (2012, March 20) Heart-Healthy Chocolate: Dark and Bitter Treat. *Wall Street Journal*. June 19, 2012.   "Choffy is...one of the single best coffee alternatives I've ever tried. Rich and slightly bitter, Choffy embodies some of the very same elements of roasted goodness that are characteristic of coffee, and what it's missing, it fills in with dark sweet chocolate notes that make it akin to drinking a drip version of a mocha than

Choffy's Complaint
Case No.

2

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

1  anything else…." Kleinman, Geoff, *On Portland*, June 12, 2009.

2        3.      This action arises from the actions of Eric Vaughn Durtschi ("Durtschi"),

3  Choffy's ex-contractor, who hijacked the domain name <*choffy.com*> to direct customers to a

4  competitor's website, where he is V.P. of Operations and V.P of Research and Development.

5  That competitor, Crio Inc. ("Crio Bru") is complicit in Durtschi's illegal activities and benefits

6  therefrom.

7        4.      Therefore, Choffy seeks injunctive relief and damages to halt Defendants'

8  cybersquatting, trademark infringement, and unfair business practices.

9                    <u>**SUBJECT MATTER JURISDICTION AND VENUE**</u>

10       5.   This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 *et seq.* (the

11  "Lanham Act"), including the Anticybersquatting Consumer Protection Act ("ACPA")

12  embodied in Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).  Plaintiff states claims of

13  trademark infringement, unfair competition, false designation of origin pursuant to Section

14  43(a) of the Lanham Act (15 U.S.C. § 1125(a)), cybersquatting under the ACPA, and for related

15  claims of infringement and unfair competition under the statutory and common law of the State

16  of Washington.  Choffy seeks damages, an accounting, the imposition of a constructive trust

17  upon Defendants' illegal profits, and injunctive relief.

18       6.   This Court has jurisdiction over the subject matter of this action pursuant to

19  15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and pursuant to the principles of

20  supplemental jurisdiction under 28 U.S.C. § 1367.

21       7.   Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial part

22  of the events or omissions giving rise to the claim—and the threatened and actual harm to

23  Plaintiff—occurred in this District.

24

25  Choffy's Complaint                         3           PPA Law Group, PLLC,
    Case No.                                                7350 Cirque Drive West, Suite 102,
26                                                          University Place, WA 98467-2241
                                                            (253)  284-9250 (phone)
27

28

## PARTIES

8.  Plaintiff, Choffy LLC, is an active limited liability company, organized and existing under the laws of the State of Washington, with an office located at 5019 NE Hazel Dell Avenue, Vancouver, Washington 98663.

9.  Defendant Crio Bru is a Utah corporation with its business address at 1386 West 70 South, Lindon, Utah 84042.  On information and belief, Defendant Crio Bru registered, uses, owns or co-owns one or more infringing domain names as described herein, and/or otherwise infringed one or more Choffy trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

10.  Defendant Durtschi  is an individual residing in Utah.  On information and belief, Defendant Durtschi registered, uses, owns or co-owns one or more infringing domain names as described herein, and/or otherwise infringed one or more Choffy trademarks or service marks, jointly and/or severally, and directly, contributorily, and/or vicariously.

11.  Choffy is unaware of the true names and capacities of the Doe Defendants and therefore, commences this action against the Doe Defendants under such fictitious names. Choffy will amend this complaint to allege the true names and capacities of the Doe Defendants when that information is ascertained.  Choffy is informed and believes, and on that basis alleges, that the Doe Defendants are in some manner responsible for some or all of the occurrences alleged herein.  Choffy further believes that the injuries alleged herein resulted from such occurrences, and were proximately caused by the Doe Defendants. Choffy is informed and believes, and on that basis alleges, that the action alleged herein to have been undertaken by Crio Bru, Durtschi, and Doe Defendants (collectively, "Defendants") were undertaken by each Defendant individually; were actions that each Defendant caused to occur; were actions that each Defendant authorized, controlled, directed, or had the ability to authorize,

Choffy's Complaint
Case No.

4

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

1    control or direct; and/or were actions in which each Defendant assisted, participated or

2    otherwise encouraged; and are actions for which each Defendant is liable.  Each Defendant

3    aided and abetted the actions of the Defendants set forth below, in that each Defendant had

4    knowledge of those actions, provided assistance and benefitted from those actions, in whole or

5    in part.

6                                   **PERSONAL JURISDICTION**

7          12.     At all times material to this action, Defendant Durtschi and Doe Defendants

8    personally directed Crio Bru in the acts or omissions alleged in this Complaint, with its full

9    knowledge and intention that its resources were being used for the acts of infringement

10   complained of herein.  Furthermore, Defendant Durtschi and Doe Defendants were the agents,

11   servants, and alter egos of Crio Bru, and the acts of Crio Bru were in the scope of such

12   relationship.  In doing the acts and failing to act as alleged herein, Crio Bru acted with the

13   knowledge and at the personal direction of Defendant Durtschi and Doe Defendants, and aided

14   and abetted them in the acts or omissions alleged herein.

15         13.     Furthermore, Crio Bru was, and is organized and operating as the alter ego of

16   Defendant Durtschi and Doe Defendants for their personal benefit and advantage, in that upon

17   information and belief, Durtschi and/or Doe Defendants have at all times mentioned in the

18   Complaint, exercised total dominion and control over Crio Bru.

19         14.     Upon information and belief, the degree of control exercised by Defendant

20   Durtschi and/or Doe Defendants over Crio Bru is pervasive and continual.

21         15.     This Court has personal jurisdiction over Defendants, who have engaged in

22   business activities in and directed to this District and have committed a tortious act within this

23   District.

24         16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

25   Choffy's Complaint                        5            PPA Law Group, PLLC,
     Case No.                                             7350 Cirque Drive West, Suite 102,
26                                                         University Place, WA 98467-2241
                                                          (253)  284-9250 (phone)
27

28

1  part of the events or omissions giving rise to Choffy's claims occurred in this judicial District,

2  where Plaintiff is headquartered.

3  **CHOFFY AND ITS REGISTERED MARK**

4       17.     Plaintiff first coined the mark CHOFFY in 2006, when Co-Founder Jason

5  Vanderhoven had the idea of creating a brewed drink that would taste great, but retain all the

6  great health benefits naturally found in cacao.  CHOFFY was coined as a trademark for roasted

7  and ground cacao beans, roasted cacao beans and related on-line retail store services. Plaintiff

8  since has engaged in product development, testing, branding, and implementation of business

9  models, and made commercial use of the mark CHOFFY at that time by using it on a

10  promotional website and sample labels.

11       18.     By May 2008, Plaintiff was using the mark CHOFFY in interstate commerce by

12  offering roasted and ground cacao beans, roasted cacao beans, cocoa, cocoa-based beverages,

13  chocolate, chocolate beverages, T-shirts, sweatshirts, aprons, tote-bags, non-electric press pots,

14  and mugs.

15       19.     Plaintiff also offers its goods online in the United States under its mark CHOFFY

16  at http://www.drinkchoffy.com/.

17       20.     On or about September 19, 2011, Choffy was featured on the popular "Dr. Oz"

18  show as one of his "best of the best" products.

19       21.     Plaintiff has coined the mark CHOFFY, commenced use of the mark and

20  continuously exercised complete quality control over such use.

21       22.     Plaintiff is the exclusive owner of U.S. Reg. No. 3,616,919 for the mark

22  CHOFFY BAR in standard characters, covering "candy bars" in Class 30.

23       23.     The existence of this valid federal trademark registration is *prima facie* evidence

24  of Plaintiff's ownership and the validity of the mark CHOFFY BAR.  A true and correct copy of

25  Choffy's Complaint

26  Case No.

27

28

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

1   the certificate of registration obtained from the United States Patent and Trademark Office's

2   Trademark Status & Document Retrieval ("TSDR"), together with recorded assignment, for the

3   mark CHOFFY BAR is attached to this Complaint as Exhibit A.

4          24.     Plaintiff is also the owner of U.S. Reg. No. 4,225,665 for the mark CHOFFY

5   covering roasted and ground cacao beans; roasted cacao beans, in International Class 30, and

6   on-line retail store services featuring roasted and ground cacao beans, roasted cacao beans,

7   cocoa-based beverages, chocolate, chocolate beverages, T-shirts, sweatshirts, aprons, tote bags,

8   non-electric press pots and mugs, in International Class 35.  A true and correct copy of the

9   certificate of registration obtained from TSDR for the mark CHOFFY is attached to this

10  Complaint as Exhibit B.  The above-referenced registrations for both CHOFFY and CHOFFY

11  BAR are valid, subsisting, and in full force and effect.  The trademarks that are the subject of

12  these registrations are hereinafter collectively referred to as the "Choffy Mark."

13         25.     Since 2006, the Choffy Mark has been extensively used by Choffy in United

14  States interstate commerce in connection with advertising and promoting Choffy's goods and

15  services covered by the Choffy Mark.

16         26.     Substantial amounts of time, effort, and money have been expended in ensuring

17  that the public associates the Choffy Mark exclusively with Choffy.  As a result of its reputation

18  for excellence, Choffy enjoys tremendous goodwill in its Choffy Mark.

19         27.     The Choffy Mark is unique and distinctive and, as such, designates a single

20  source of origin.

21         28.     The Choffy Mark is a valid and enforceable, federally registered trademark.

22                          **DEFENDANT DURTSCHI**

23         29.     In 2008, Defendant Durtschi was hired by Plaintiff to take on production and

24  logistic responsibilities, and signed a non-disclosure and non-compete agreement effective as of

25  Choffy's Complaint                          7          PPA Law Group, PLLC,
    Case No.                                                7350 Cirque Drive West, Suite 102,
26                                                          University Place, WA 98467-2241
                                                           (253)  284-9250 (phone)
27

28

1   August 1, 2008 (the "NDA").

2       30.    Mr. Durtschi agreed that the NDA would govern the conditions of disclosure to

3   him of certain "Confidential Information" including but not limited to prototypes, drawings,

4   data, trade secrets and intellectual property relating to the invention of the Choffy branded

5   beverage.

6       31.    Further, Mr. Durtschi, promised in the NDA not to use any Confidential

7   Information except for evaluating its interest in entering a business relationship based on the

8   invention by Choffy's Co-Founder, Mr. Vanderhoven.

9       32.    Mr. Durtschi also promised in the NDA to safeguard the information against

10  disclosure to others with the same degree of care as exercised with his own information of a

11  similar nature.

12      33.    Defendant Durtschi also promised in the NDA not to disclose the information to

13  others without express written permission from Choffy, specifically from Mr. Vanderhoven, and

14  that he would not directly or indirectly acquire any interest in, or design, create, manufacture,

15  sell or otherwise deal with any item or product, containing, based upon or derived from any

16  Confidential Information, except as may be expressly agreed to in writing.

17      34.    Pursuant to the NDA, Defendant Durthschi agreed that the secrecy obligations

18  shall continue for a period ending 7 years from August 1, 2008, and that Inventor will be

19  entitled to obtain an injunction to prevent threatened or continued violation of the NDA.

20      35.    By February of 2009, Mr. Durtschi had received payment for his work for

21  Choffy, and continued to accept regular payments thereafter until his services were terminated

22  by Plaintiff in July 2009.

23                      **THE DOMAIN NAME <*CHOFFY.COM*>**

24      36.    Unbeknownst to Plaintiff at the time, on or about March 6, 2009, the registry

25  Choffy's Complaint                    8         PPA Law Group, PLLC,
    Case No.                                        7350 Cirque Drive West, Suite 102,
26                                                  University Place, WA 98467-2241
                                                    (253) 284-9250 (phone)
27

28

1   records for the domain name <*choffy.com*> (the "Domain") showed the domain to be registered

2   not to Choffy, but to Southwest Family Chiropractic, 8116 W. Bowles, Unit D, Littleton, CO.,

3   with an email address of drdurtschi@hotmail.com. Based on cached WHOIS records, this

4   update occurred on or about February 24, 2009.  Since then, the records have been updated to

5   show the Domain registered to Eric Durtschi with an email address of drdurtschi@hotmail.com

6   and Southwest Family Chiropractic as the administrative contact.

7       37.     Plaintiff never gave Defendant Durtschi permission to register the Domain in his

8   own name or for his own benefit.

9       38.     On or about July 2009, Mr. Durtschi admitted --after being told he was not

10  allowed to be misusing the Choffy warehouse for his own personal use--that he was actually

11  trying to devalue the company so that he might purchase it from the original owners with

12  newfound investors.  He then claimed he would start his own company.

13      39.     Although Plaintiff was not aware of it until more recently, upon information and

14  belief, Defendant Durtschi has been using the Domain in an infringing manner, and

15  cybersquatting on the Choffy mark, by displaying advertisements for competitive goods and

16  services, since at least January 18, 2012.

17                          **ABOUT CRIO BRU**

18      40.     According to the Crio Bru website, Crio Inc. was launched on October 10, 2010,

19  and advertises its products as being located in Washington and many other states.

20      41.     Upon information and belief, after Choffy was featured on Dr. Oz, Defendants

21  promoted competitive products as "seen on Dr. Oz."  On information and belief, Defendants

22  also started to refer to their product as "Choffy" in Google ads and on Amazon.com to drive

23  sales.

24      42.     As of recently, without permission or approval from Choffy, Defendants started

25  Choffy's Complaint                          9                PPA Law Group, PLLC,
    Case No.                                                     7350 Cirque Drive West, Suite 102,
26                                                               University Place, WA 98467-2241
                                                                 (253)  284-9250 (phone)
27

28

1  to use the Domain to misdirect Internet users to Crio's website *<criobru.com>* (the "Crio

2  Landing Page").

### DEFENDANTS' INTENTIONALLY WRONGFUL ACTIVITIES

#### CRIO BRU'S WILLFUL INFRINGEMENT

5        43.    The Domain was obtained in bad faith with an intent to re-direct traffic to the

6  Crio Landing Page, where Crio Bru has rendered, and continues to render, its competitive goods

7  and services. Use of the Plaintiff's mark in the Domain is likely to cause confusion, mistake, or

8  deception among actual or prospective customers, and said acts have damaged, impaired, and

9  diluted of the valuable goodwill symbolized by the CHOFFY mark, to Plaintiff's immediate and

10  irreparable damage.

11        44.   Defendant Crio Bru has no legal basis for seeking to interfere with Plaintiff's

12  trademark rights, or for willfully using the Choffy Mark or the Domain in a manner that is likely

13  to cause confusion, or likely to dilute the distinctive value of Plaintiff's Mark, thereby harming

14  both the general public and Plaintiff's business.

15        45.   Plaintiff has suffered, and will continue to suffer further, irreparable injury as a

16  result of Crio Bru's activities.

17        46. Upon information and belief, Crio Bru owns the site hosted at the landing page for

18  the Domain, uses said Domain for trafficking by redirecting traffic to the Crio Landing Page in

19  a manner that infringes on Plaintiff's federally registered trademark rights.

20        47. Defendants diverge Plaintiff's customers' attention to their own competitive services

21  and site.

22        48.   By willfully producing and sharing information with the same target audience as

23  Plaintiff, using a precise replica of Plaintiff's Choffy Mark, Defendants Crio Bru and Mr.

24  Durtschi are intentionally causing a likelihood of confusion by making people think that the

25  Choffy's Complaint            10         PPA Law Group, PLLC,
      Case No.                                7350 Cirque Drive West, Suite 102,

26                                           University Place, WA 98467-2241
                                          (253)  284-9250 (phone)

27

28

1  Choffy Mark and goods and/or services originate with, are sponsored by, or are being rendered

2  by Defendants with Plaintiff's permission or approval, when that is not the case.

3      49.  Thus, Plaintiff is suffering irreparable injury to its Choffy Mark and to its business.

4      50.  Defendants Crio Bru and Mr. Durtschi have caused, and until restrained by this

5  Court will continue to cause, irreparable harm to the public and to Plaintiff by virtue of their

6  infringing activities and progressive encroachment on Plaintiff's rights.

7      51.  Plaintiff has suffered, and will suffer irreparable injury unless and until the Court

8  enjoins Defendants from using marks that so nearly resemble or are identical to Plaintiff's

9  Choffy Mark in connection with services covered by Plaintiff's registration or related thereto.

10                    DEFENDANT DURTSCHI'S WILLFUL INFRINGEMENT

11      52.  Mr. Durtschi organized Crio Bru on or about October 10, 2010, and has served in

12  the past as Chief Operating Officer, and more recently as VP of Operations and VP of Research

13  & Development.

14      53.  On information and belief, Mr. Durtschi is a moving conscious force behind all of

15  the infringing activities of Crio Bru, and personally directed and directs all of its acts and

16  omissions complained of herein.

17      54.  He has registered clearly infringing domain names in bad faith, such as the Domain.

18  Upon information and belief he also owns and/or registered *choffy.net* (collectively with the

19  Domain, the "Domain Names"), that are confusingly similar to Plaintiff's Choffy Mark, with

20  bad-faith intent to profit from such Domain Names by misdirecting traffic in interstate

21  commerce to the Crio Landing Page and/or by using them to display the Choffy Mark on or in

22  connection with offering or promotion of competitive goods and services.

23      55.  The Domain Names are commercially being used by Defendants to promote Crio

24  Bru, by displaying a counterfeit of the Choffy Mark on or in connection with Crio Bru goods

25  Choffy's Complaint
   Case No.                                    11           PPA Law Group, PLLC,
                                                            7350 Cirque Drive West, Suite 102,
26                                                          University Place, WA 98467-2241
                                                            (253) 284-9250 (phone)
27

28

1   and services.

2   56. Defendant Durtschi registered the Domain Names, which consists of Plaintiff's

3   Choffy Mark, in bad faith.

4   57. Unless restrained and enjoined, Defendant Durtschi will continue to use infringing

5   names, marks, and domain names for his personal gain and/or for the competitive benefit and on

6   behest of Crio Bru.

7   58. Defendant Durtschi intentionally induced Defendant Crio Bru to infringe, or

8   continued to direct control and monitoring of the instrumentality used by them to infringe the

9   Plaintiff's Choffy Mark, with knowledge that they are mislabeling the instrumentality used by

10  them to infringe the Plaintiff's Choffy Mark, permitted them to use his online/offline premises,

11  while remaining willfully blind to their directly infringing acts.  Therefore he is liable as a

12  contributory infringer as well as a direct infringer.

13  59. Unless and until Defendants are enjoined, Plaintiff has suffered, and will continue

14  to suffer, irreparable injury as a result of their infringing activities.

15  <u>DOE DEFENDANTS' WILLFUL INFRINGEMENT</u>

16  60. On information and belief, the DOE Defendants are a moving conscious force

17  behind all of the infringing activities of Crio Bru, and personally directed and direct all of its

18  acts and omissions complained of herein.

19  61. They have registered clearly infringing domain names in bad faith, such as the

20  Domain.  Upon information and belief, they also own and/or registered the Domain Names,

21  which are confusingly similar to Plaintiff's Choffy Mark, with bad-faith intent to profit from

22  such Domain Names by misdirecting traffic in interstate commerce to the Crio Landing Page

23  and/or by using them to display the Choffy Mark on or in connection with offering or promotion

24  of competitive goods and services.

25  Choffy's Complaint                          12          PPA Law Group, PLLC,
    Case No.                                                7350 Cirque Drive West, Suite 102,
26                                                          University Place, WA 98467-2241
                                                            (253)  284-9250 (phone)
27

28

62.   The Domain Names are commercially being used by DOE Defendants to promote Crio Bru, by displaying a counterfeit of the Choffy Mark on or in connection with Crio Bru goods and services.

63.   DOE Defendants registered the Domain Names, which consists of Plaintiff's Choffy Mark, in bad faith.

64.   Unless restrained and enjoined, DOE Defendants will continue to use infringing names, marks, and domain names for their personal gain and/or for the competitive benefit and on behest of Crio Bru.

65.   DOE Defendants intentionally induced Defendant Crio Bru and/or Defendant Durtschi to infringe, or continued to direct control and monitoring of the instrumentality used by them to infringe the Plaintiff's Choffy Mark, with knowledge that they are mislabeling the instrumentality used by them to infringe the Plaintiff's Choffy Mark, permitted them to use their online/offline premises, while remaining willfully blind to their directly infringing acts. Therefore, DOE Defendants are liable as contributory infringers, as well as direct infringers.

66. Unless and until DOE Defendants are enjoined, Plaintiff has suffered, and will continue to suffer, irreparable injury as a result of their infringing activities.

## FIRST CAUSE OF ACTION

### *Trademark Infringement Under § 1114(1)*

67.   Plaintiff realleges and incorporates by reference each of the aforesaid allegations of this Complaint as though fully set forth here.

68.   Defendants' use in commerce of Plaintiff's Choffy Mark and variations thereof is likely to cause confusion, mistake, or to deceive.

69.   Defendants' use in commerce of the Domain Names is likely to cause confusion, mistake, or to deceive.

Choffy's Complaint
Case No.

13

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

70. Defendants' use in commerce of the trade name CHOFFY is likely to cause confusion, mistake, or to deceive.

71. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiff to relief.

72. Defendants have used a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Mark in commerce in connection with the sale, offering for sale, distribution, or advertising of goods or services, and such use is likely to cause confusion, mistake, or to deceive.

73. Defendants have unfairly profited from the infringing actions alleged herein.

74. By reason of Defendants' acts, Plaintiff has suffered damages to the goodwill associated with its federally registered Choffy Mark.

75. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and Plaintiff's goodwill and business reputation as represented by, and embodied in, its federally registered Choffy Mark.

76. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

77. By reason of Defendants' acts, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

78. By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

79. This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

80. Defendants are liable for contributory and vicarious infringement, in addition to

Choffy's Complaint
Case No.

14

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253) 284-9250 (phone)

1  their direct infringement, because they have intentionally induced the other to infringe, or

2  continued to direct control and monitoring of the instrumentality used by the other to infringe

3  the Plaintiff's Choffy Mark with knowledge that they are mislabeling the instrumentality used

4  by each of them to infringe Plaintiff's Choffy Mark, and have used their respective premises

5  while remaining willfully blind to the other's directly infringing acts.

6      81.  Upon information and belief, Defendants have an apparent or actual partnership,

7  have authority to bind one another in transactions or exercise joint ownership or control over the

8  infringing services.

9      82.  Upon information and belief, Defendant Durtschi and/or Doe Defendants are liable

10  for the acts of Crio Bru because they specifically directed or authorized the wrongful acts, and

11  was personally involved with them.  Upon further information and belief, Crio Bru is liable for

12  the acts of Defendant Durtschi and/or Doe Defendants because the circumstances of the

13  organization are such that the corporate form should be disregarded, as it acts as the agent of

14  Durtschi, and aids, abets and ratifies said acts.

15      83.  The complained acts constitute willful, deliberate and intentional infringement of

16  Plaintiff's federal registered trademark in violation of § 32(1) of the Lanham Act (15 U.S.C. §

17  1114(1)).

18              **SECOND CAUSE OF ACTION**

19  ***Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a)***

20      84.  Plaintiff realleges and incorporates by reference each of the aforesaid allegations of

21  this Complaint as though fully set forth here.

22      85.  Defendants' use in commerce of Plaintiff's Choffy Mark and variations thereof, is

23  likely to cause confusion, or to cause mistake, or to deceive the relevant public that such

24  designations, and/or name, and/or domain name(s), and/or mark(s) are authorized, sponsored, or

25  Choffy's Complaint                          15          PPA Law Group, PLLC,
    Case No.                                              7350 Cirque Drive West, Suite 102,
26                                                         University Place, WA 98467-2241
                                                           (253) 284-9250 (phone)
27

28

1   approved by, or are affiliated with Plaintiff.

2        86.   Defendants' use of Plaintiff's Choffy Mark and variations thereof and the

3   infringing trade name, and/or designations, and/or domain name(s), is likely to cause confusion

4   among the general public.

5        87.   The above-described acts of Defendants constitute trademark and/or trade name

6   infringement of Plaintiff's Choffy Mark, false designations of origin, and/or false descriptions

7   and misrepresentations of fact, in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

8        88.   Defendants have unfairly profited from the actions alleged.

9        89.   By reason of Defendants' acts alleged herein, Plaintiff has suffered damage to the

10   goodwill associated with Plaintiff and its Choffy Mark.

11        90.   Defendants' activities have irreparably harmed and, if not enjoined, will continue to

12   irreparably harm the general public, which has an interest in being free from confusion, mistake,

13   and deception.

14        91.   By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not

15   adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is

16   entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

17        92.   By reason of Defendants' willful acts, Plaintiff is entitled to damages, and that

18   those damages be trebled, under 15 U.S.C. § 1117.

19        93.   This is an exceptional case, making Plaintiff eligible for an award of attorneys' fees

20   under 15 U.S.C. § 1117.

21        94.   Defendants are liable for contributory and vicarious infringement because they

22   have intentionally induced each of the others, respectively, to infringe, or continued to direct

23   control and monitoring of the instrumentality used by the other to infringe the Plaintiff's Choffy

24   Mark with knowledge that they are mislabeling the instrumentality used by each of them to

25   Choffy's Complaint                    16            PPA Law Group, PLLC,
    Case No.                                            7350 Cirque Drive West, Suite 102,
26                                                       University Place, WA 98467-2241
                                                         (253)  284-9250 (phone)
27

28

1  infringe Plaintiff's Choffy Mark, and have used their respective premises while remaining

2  willfully blind to the other's directly infringing acts and are liable as contributory infringers.

3      95.   Upon information and belief, Defendants have an apparent or actual partnership,

4  have authority to bind one another in transactions or exercise joint ownership or control over the

5  infringing services.

6      96.   Upon information and belief, Defendant Durtschi and/or Doe Defendants are liable

7  for the acts of Crio Bru because they specifically directed or authorized the wrongful acts, and

8  were personally involved with them.  Upon further information and belief, Crio Bru is liable for

9  the acts of Defendant Durtschi and/or Doe Defendants because the circumstances of the

10 organization are such that the corporate form should be disregarded, as it acts as the agent of

11 Durtschi, and aids, abets and ratifies said acts.

12     97.   The complained acts constitute willful, deliberate and intentional false designations

13 of origin as to goods and/or services offered and/or rendered by Defendants, and constitutes

14 unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. Section 1125(a)).

15     98.   The Complained acts also constitute willful, deliberate and intentional false and

16 misleading descriptions of fact, false and misleading representations of fact and false

17 advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

18                      **THIRD CAUSE OF ACTION**

19                  *Counterfeiting Under 15 U.S.C. § 1114(1)*

20     99.   Plaintiff realleges and incorporates by reference each of the aforesaid allegations of

21 this Complaint as though fully set forth here.

22     100.    Defendants' use in commerce of Plaintiff's Choffy Mark and substantially

23 indistinguishable variations thereof is likely to cause confusion, mistake, or to deceive.

24     101.    Defendants' use in commerce of the Choffy Mark is likely to cause confusion,

25 Choffy's Complaint                    17        PPA Law Group, PLLC,
   Case No.                                        7350 Cirque Drive West, Suite 102,
26                                                 University Place, WA 98467-2241
                                                   (253)  284-9250 (phone)
27

28

1  mistake, or to deceive.

2      102.    The Domain Names are substantially indistinguishable, and thus counterfeits of,

3  Plaintiff's Choffy Mark, and use in commerce of the Domain Names by Defendants is likely to

4  cause confusion, mistake, or to deceive.

5      103.    The above-described acts of Defendants constitute counterfeiting in violation of

6  15 U.S.C. § 1114(1), entitling Plaintiff to relief.

7      104.    Defendants have unfairly profited from the infringing actions alleged herein.

8      105.    By reason of Defendants' acts, Plaintiff has suffered damage to the goodwill

9  associated with Plaintiff's Choffy Mark.

10      106.    Defendants' activities have irreparably harmed and, if not enjoined, will

11  continue to irreparably harm Plaintiff and its federally registered Choffy Mark.

12      107.    By reason of Defendants' acts, Plaintiff's remedy at law is not adequate to

13  compensate it for the injuries inflicted by Defendants.  Accordingly,Plaintiff is entitled to

14  preliminary and permanent injunctive relief pursuant to 15U.S.C. § 1116.

15      108.    By reason of Defendants' use of the counterfeit marks and Domain Names,

16  Plaintiff is entitled to recover Defendants' profits, actual damages, and the costs of this action

17  under 15 U.S.C. § 1117.  Alternatively, by reason of Defendants' willful use of the counterfeit

18  marks and Domain Names, Plaintiff is entitled to recover statutory damages under 15 U.S.C. §

19  1117, on election by Plaintiff, in an amount of up to $2,000,000 for each counterfeit mark and

20  domain name per type of service rendered or offered.

21      109.    This is an exceptional case, making Plaintiff eligible for an award of attorneys'

22  fees under 15 U.S.C. § 1117.

23      110.    Upon information and belief, Defendants are liable for contributory and vicarious

24  infringement, in addition to direct infringement, because they have intentionally induced each

25  Choffy's Complaint                          18          PPA Law Group, PLLC,
   Case No.                                                7350 Cirque Drive West, Suite 102,
26                                                          University Place, WA 98467-2241
                                                           (253) 284-9250 (phone)
27

28

1    other to infringe, or continued to direct control and monitoring of the instrumentality used by

2    the other to infringe the Plaintiff's Choffy Mark with knowledge that they are mislabeling the

3    instrumentality used by each of them to infringe Plaintiff's Choffy Mark, and have used their

4    respective premises while remaining willfully blind to each of the others' directly infringing

5    acts and are liable as contributory infringers.

6        111.    Upon information and belief, Defendant Durtschi and/or Doe Defendants are

7    liable for the acts of Crio Bru because they specifically directed or authorized the wrongful acts,

8    and were personally involved with them.  Upon further information and belief, Crio Bru is liable

9    for the acts of Defendant Durtschi and/or Doe Defendants because the circumstances of the

10   organization are such that the corporate form should be disregarded, as it acts as the agent of

11   Durtschi, and aids, abets and ratifies said acts.

12       112.    The complained acts constitute trademark counterfeiting in violation of § 32(1)

13   of the Lanham Act (15 U.S.C. § 1114(1)).

### FOURTH CAUSE OF ACTION

### *Cybersquatting Under 15 U.S.C. § 1125(d)*

16       113.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

17   of this Complaint as though fully set forth here.

18       114.    Defendants registered, trafficked in, and/or used the Domain Names with bad

19   faith intent to profit from Plaintiff's Choffy Mark.

20       115.    The Domain Names are confusingly similar to Plaintiff's Choffy Mark.

21       116.    Defendants have no intellectual property rights or any other right in Plaintiff's

22   Choffy Mark.

23       117.    Defendants' registration, use, and/or trafficking in the Domain Names constitutes

24   cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiff to relief.

25   Choffy's Complaint                        19        PPA Law Group, PLLC,
     Case No.                                            7350 Cirque Drive West, Suite 102,
26                                                       University Place, WA 98467-2241
                                                         (253)  284-9250 (phone)
27

28

1    118.    By reason of Defendants' acts alleged herein, Plaintiff's remedy at law is not

2 adequate to compensate it for the injuries inflicted by Defendants.  Accordingly, Plaintiff is

3 entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

4    119.    By reason of Defendants' acts alleged herein, Plaintiff is entitled to recover

5 Defendants' profits, actual damages, and the costs of the action, or statutory damages under 15

6 U.S.C. § 1117 on election by Plaintiff, in an amount of up to $100,000 for each domain name

7 found to constitute cybersquatting.

8    120.    This is an exceptional case, making Plaintiff eligible for an award of attorneys'

9 fees under 15 U.S.C. § 1117.

10    121.    Defendants are liable for contributory and vicarious infringement because they

11 have intentionally induced each of the others, respectively, to infringe, or continued to direct

12 control and monitoring of the instrumentality used by the other to infringe the Plaintiff's Choffy

13 Mark with knowledge that they are mislabeling the instrumentality used by each of them to

14 infringe Plaintiff's Choffy Mark, and have used their respective premises while remaining

15 willfully blind to the other's directly infringing acts and are liable as contributory infringers.

16    122.    Upon information and belief, Defendants have an apparent or actual partnership,

17 have authority to bind one another in transactions or exercise joint ownership or control over the

18 infringing services.

19    123.    Upon information and belief, Defendant Durtschi and/or Doe Defendants are

20 liable for the acts of Crio Bru because they specifically directed or authorized the wrongful acts,

21 and were personally involved with them.  Upon further information and belief, Crio Bru is liable

22 for the acts of Defendant Durtschi and/or Doe Defendants because the circumstances of the

23 organization are such that the corporate form should be disregarded, as it acts as the agent of

24 Durtschi, and aids, abets and ratifies said acts.

25

26

27

28

Choffy's Complaint
Case No.

20

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

124.    The complained acts constitute cybersquatting in violation of the ACPA, 15 U.S.C. § 1125(d).

## FIFTH CAUSE OF ACTION

### *Washington Common Law Unfair Competition*

125.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations of this Complaint as though fully set forth here.

126.    Defendants' use of the CHOFFY Mark has infringed on their distinctive features in a manner that tends to confuse, in the public mind, Choffy's products and/or advertising with the products and/or advertising of others.

127.    The acts of Defendants complained of herein constitute unfair competition in violation of the Washington common law.

128.    The acts and conduct of Defendants as alleged above, including but not limited to the use of Choffy's trademarks in connection with their goods and services, constitute unfair and improper competition with Choffy under Washington common law. Defendants' acts and conduct alleged above have damaged and will continue to damage Choffy in Washington.

## SIXTH CAUSE OF ACTION

### *Unfair Business Practices – RCW § 19.86 et seq*

129.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations of this Complaint as though fully set forth here.

130.    Defendants' use of the Choffy Mark to promote, market, or sell products and services constitute an unfair business practice pursuant to RCW § 19.86 *et seq.*

131.    Defendants' use of the Choffy Mark is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Choffy.

Choffy's Complaint
Case No.

21

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

132.    Defendant's unfair and deceptive acts have occurred in trade or commerce, affect the public interest and have caused and will continue to cause injury to Choffy's customers and Choffy's business and property.

133.    Defendants' unfair and deceptive acts have the capacity to deceive and/or have deceived a substantial portion of the public.

134.    Defendants' unfair business practices are of a recurring nature and harmful to the consumers and public at large, as well as Choffy.  These practices constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising.

135.    As a result of Defendants' acts, Choffy has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by the Court, Defendants will continue these acts, thereby causing Choffy further immediate and irreparable damage.

136.    Defendants' actions violate RCW § 19.86 *et seq.* Accordingly, pursuant to RCW § 19.86.090, Choffy is entitled to injunctive relief, actual and trebled damages, attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

*Contributory Infringement of § 32*

137.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations of this Complaint as though fully set forth here.

138.    The contributory conduct of Defendants in connection with each of their own, and their respective clients/customers and others' respective unauthorized and unlawful acts of infringement of Plaintiff's Choffy Mark, have been enabled, assisted, aided and abetted each of their own, and such clients/customers and others, to use in commerce Plaintiff's Choffy Mark,

Choffy's Complaint
Case No.

22

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

1    or a reproduction, counterfeit, copy, or colorable imitation thereof, in connection with such use

2    was or is likely to cause confusion or mistake, or to deceive, constitutes acts of contributory

3    infringement in violation of § 32 of the Lanham Act of 1946, 15 U.S.C § 1114, as amended.

4         139.    Moreover, such Defendants' contributory infringement in connection with its

5    clients/customers and others' respective unauthorized and unlawful acts of reproduction,

6    counterfeit, copy, or colorable imitation of Plaintiff's registered mark, and applications thereof

7    to any ads, signs, prints, wrappers, in connection with the sale, offering for sale, distribution, or

8    advertising of any goods or services in connection with such use was or is likely to cause

9    confusion or mistake, or to deceive, constituting further acts of contributing trademark

10   infringement in violation of § 32 of the Lanham Act of 1946, 15 U.S.C. § 1114, as amended.

11        140.    Such Defendants' respective contributory conduct as alleged hereinabove, are

12   business practices likely to deceive, confuse or cause mistake by the purchasing public, and

13   constitutes acts of contributory infringement, all in violation of § 32 of the Lanham Act of 1946,

14   15 U.S.C. § 1114, as amended.

15        141.    Plaintiff has no adequate remedy at law and has suffered, and is continuing to

16   suffer, harm and damage as a result of the Defendant's acts in contributory violation of § 32 of

17   the Lanham Act of 1946, in amounts that should be trebled pursuant to 15 U.S.C. § 1117.

18        142.    This is an exceptional case, making Plaintiff eligible for an award of attorneys'

19   fees under 15 U.S.C. § 1117.

20   **EIGHTH CAUSE OF ACTION**

21   *Accounting -- Common Law*

22        143.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

23   of this Complaint as though fully set forth here.

24        144.    Defendants' activities, as alleged above, have violated Plaintiff's rights in the

25   

26   

27   

28   

Choffy's Complaint
Case No.

23

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253) 284-9250 (phone)

1  Choffy Mark under common law.

2      145.    As a direct result of the infringing activities, Defendants have been unjustly

3  enriched through fraudulent conversion of Plaintiff's goodwill and rights in its trademark into

4  their own profits through the manner in which they are offering highly related or identical

5  services that has caused Plaintiff to lose sales of its genuine goods and services.

6      146.    As a direct result of Defendants' misconduct, Defendants have received

7  substantial profit, to which Plaintiff is entitled under common law.

8      147.    The amount of said profits is unknown to Plaintiff and cannot be ascertained

9  without an accounting.

10                    **NINTH CAUSE OF ACTION**

11                    *Constructive Trust -- Common Law*

12      148.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

13  of this Complaint as though fully set forth here.

14      149.    Defendants' conduct constitutes deceptive and wrongful conduct in the nature of

15  passing off the infringing goods and/or services as genuine Choffy goods and/or services, or

16  approved or authorized by Choffy.

17      150.    By virtue of Defendants' wrongful conduct, Defendants have illegally received

18  money and profits that rightfully belong to Choffy.

19      151.    Upon information and belief, Defendants hold the illegally received money

20  profits in the form of bank accounts, real property, or personal property that can be located and

21  traced.

22      152.    Defendants hold the money and profits Defendants have illegally received as a

23  constructive trust for the benefit of Choffy.

24                    **TENTH CAUSE OF ACTION**

25  Choffy's Complaint             24             PPA Law Group, PLLC,
   Case No.                                          7350 Cirque Drive West, Suite 102,

26                                                 University Place, WA 98467-2241
                                             (253) 284-9250 (phone)

27

28

1                                      *Unjust Enrichment -- Common Law*

2          153.    Plaintiff realleges and incorporates by reference each of the aforesaid allegations

3 of this Complaint as though fully set forth here.

4          154.    The acts of Defendants complained of herein constitute unjust enrichment of

5 Defendants at Choffy's expense in violation of Washington common law.

6                                    **REQUEST FOR RELIEF**

7          Therefore, Plaintiff respectfully requests judgment as follows:

8             1.       That an order be entered enjoining Defendants, their agents,

9 representatives, employees, assigns and suppliers, and all persons acting in concert or privity

10 with Defendants, from engaging in any of the following activities:

11             a. Registering, trafficking in, and using, in any manner, any CHOFFY  and/or

12 confusingly similar trademarks(s), trade name(s), Internet keyword(s), Internet user IDs, and/or

13 domain name(s), including in relation to the advertising or sale of any goods or services;

14             c. Transferring, releasing, deleting, and assigning any CHOFFY and/or

15 confusingly similar trademarks(s), trade name(s), Internet keyword(s), Internet user ID(s),

16 and/or domain name(s);

17             d. Engaging in trademark infringement, trade name infringement, counterfeiting,

18 unfair competition, false designation of origin, passing off, and false advertising against

19 Plaintiff or misappropriation of Plaintiff's trademark rights; and

20             e. Assisting, aiding, or abetting any other person or business entity in engaging

21 in or performing any of the activities referred to in subparagraphs (a) through (d) above.

22           3. That the Court enter a final judgment that Defendants have:

23             a. violated Plaintiff's rights in Plaintiff's Choffy Mark in violation of 15 U.S.C.

24 § 1125(d);

25    Choffy's Complaint                 25           PPA Law Group, PLLC,
      Case No.                                        7350 Cirque Drive West, Suite 102,

26                                                 University Place, WA 98467-2241
                                                 (253)  284-9250 (phone)

27

28

1        b.  violated Plaintiff's rights in Plaintiff's Choffy Mark in violation of 15 U.S.C.

2  § 1114(1);

3        c.  violated Plaintiff's rights in Plaintiff's Choffy Mark in violation of 15 U.S.C.

4  § 1125(a);

5        d.  violated Plaintiff's rights in Plaintiff's Choffy Mark in violation of RCW *§*

6  *19.86 et seq.*

7        e.  violated Plaintiff's rights in Plaintiff's Choffy Mark in violation of the

8  Washington common law.

9        4. And that the Court enter a Final Judgment:

10        a. Permanently enjoining Defendants, their agents, representatives, employees,

11  assigns and suppliers, and all persons acting in concert or privity with Defendants, from

12  engaging in the activities described in Paragraphs l above;

13        b. Ordering Defendants to transfer the Domain Names, and any other domain

14  name(s) that they own or control, directly or indirectly, or that was registered at their direction,

15  request, or instruction, that are confusingly similar to Plaintiff's Choffy Mark to Plaintiff;

16        c. Ordering Defendants to engage in corrective advertising at their own expense

17  to the extent necessary to correct any consumer confusion or misperceptions resulting from

18  Defendants' unlawful acts complained of above;

19        d. Ordering Defendants to account to Plaintiff for, and disgorge, all profits they

20  have derived by reason of the unlawful acts complained of above;

21        e. Ordering Defendants to pay treble damages;

22        f. Ordering Defendants to pay statutory damages in an amount of $2,000,000 for

23  counterfeiting of the Plaintiff's Choffy Mark for each of the Domain Names and counterfeit

24  mark per type of good sold or offered for sale, or services offered or rendered;

25  Choffy's Complaint

26  Case No.

27

28

PPA Law Group, PLLC,
7350 Cirque Drive West, Suite 102,
University Place, WA 98467-2241
(253)  284-9250 (phone)

1    g. Ordering Defendants to pay statutory damages in an amount of $100,000 for

2  each domain name found to constitute cybersquatting;

3    h. Ordering Defendants to pay Plaintiff's reasonable attorneys' fees, prejudgment

4  interest, and costs of this action;

5    i. Ordering Defendants to file with the Court and serve upon Plaintiff a written

6  report under oath setting forth in detail the manner and form in which Defendants have

7  complied with the injunction and judgment within thirty (30) days after the service of the

8  injunction and judgment upon Defendants;

9    j. Ordering Defendants to pay punitive damages in an amount to be determined,

10  based upon the foregoing acts of Defendants;

11    k. That the Court require Defendants to notify their domain registrars, affiliates,

12  Internet advertising providers, investors, commercial associates, dealers, master distributors,

13  suppliers, customers, partners, and clients of this Order;

14    l. That the Court retain jurisdiction of this action for the purpose of enabling

15  Plaintiff to apply to the Court, at any time, for such further orders and directions as may be

16  necessary or appropriate for the interpretation or execution of any order entered in this action,

17  for the modification of any such order, for the enforcement or compliance herewith, and for

18  punishment of any violation thereof; and

19    m. That the Court require a full and complete accounting of all monies received

20  by Defendants as a result of the infringement;

21    n. That Defendants be required to deliver to Plaintiff, all merchandise,

22  packaging, labels, boxes, cartons, advertising, brochures, plates, models, documents, advertising

23  and promotional materials and other things, possessed, used or distributed by Defendants or on

24  their behalf, which refer to the mark CHOFFY or any other name, mark, or design confusingly

25  Choffy's Complaint                    27          PPA Law Group, PLLC,
     Case No.                                         7350 Cirque Drive West, Suite 102,
26                                                    University Place, WA 98467-2241
                                                     (253)  284-9250 (phone)
27

28

1    similar to the Choffy Mark without authorization from Plaintiff; and

2            o. Granting Plaintiff such other relief as the Court may deem appropriate.

3                           **DEMAND FOR JURY TRIAL**

4            Plaintiff respectfully requests that this case be decided by a jury.

5

6    DATED: 19 March 2013                    Respectfully submitted,

7

8                                        By: _____

9                                            Edward R. Lindstrom
                                             *PPA Law Group, PLLC*
10                                           7350 Cirque Drive West, Suite 102
                                             University Place,  WA 98467-2241
11                                           (253) 284.9250 phone
                                             (253) 284.9251 fax
12                                           ed@ppalawgroup.com

13

14

15

16                                       By: _____

17                                           Michael L. Rodenbaugh
                                             *pro hac vice* pending
18                                           Jonathan Matkowsky, of counsel
                                             *pro hac vice* pending
19                                           RODENBAUGH LAW
20                                           548 Market Street
                                             San Francisco, CA 94104
21                                           (415) 738-8087 tel/fax
                                             info@rodenbaugh.com
22

23                                       **Attorneys for Plaintiff CHOFFY LLC**

24

25   Choffy's Complaint                    28        PPA Law Group, PLLC,
     Case No.                                         7350 Cirque Drive West, Suite 102,
26                                                    University Place, WA 98467-2241
                                                      (253) 284-9250 (phone)
27

28

EXHIBIT A

**Int. Cl.: 30**

**Prior U.S. Cl.: 46**

**Reg. No. 3,616,919**

## United States Patent and Trademark Office

Registered May 5, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# CHOFFY BAR

BASHOUR, RYAN G. (UNITED STATES INDIVI-
DUAL)
6100 NATIONAL PIKE
GRINDSTONE, PA 15442

FOR: CANDY BARS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 3-2-2009; IN COMMERCE 3-2-2009.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BAR", APART FROM THE MARK
AS SHOWN.

SN 77-336,035, FILED 11-23-2007.

JOHN WILKE, EXAMINING ATTORNEY

**900217024     03/11/2012**

| TRADEMARK ASSIGNMENT |
| --- |

Electronic Version v1.1
Stylesheet Version v1.1

| SUBMISSION TYPE: | NEW ASSIGNMENT |
| --- | --- |
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

**CONVEYING PARTY DATA**

| Name | Formerly | Execution Date | Entity Type |
| --- | --- | --- | --- |
| Ryan Bashour | | 03/07/2012 | INDIVIDUAL: |

**RECEIVING PARTY DATA**

| | |
| --- | --- |
| Name: | CHOFFY LLC |
| Street Address: | 5019 NE HAZEL DELL AVE |
| City: | VANCOUVER |
| State/Country: | WASHINGTON |
| Postal Code: | 98663 |
| Entity Type: | LIMITED LIABILITY COMPANY: WASHINGTON |

**PROPERTY NUMBERS  Total: 1**

| Property Type | Number | Word Mark |
| --- | --- | --- |
| Registration Number: | 3616919 | CHOFFY BAR |

**CORRESPONDENCE DATA**

| Fax Number: | (415)738-8087 |
| --- | --- |
| Phone: | 415-738-8087 |
| Email: | mike@rodenbaugh.com |

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent via US Mail.*

| Correspondent Name: | Mike Rodenbaugh - Rodenbaugh Law |
| --- | --- |
| Address Line 1: | 548 Market St. # 55819 |
| Address Line 4: | San Francisco, CALIFORNIA   94104 |

| NAME OF SUBMITTER: | Mike Rodenbaugh |
| --- | --- |
| Signature: | /Mike Rodenbaugh/ |
| Date: | 03/11/2012 |

Total Attachments: 1
source=CHOFFY - SHORT FORM - CHOFFY BAR ASSIGNMENT - Choffy Agreement_Executed#page1.tif

*(right margin, vertical text)* OP  $40.00  3616919

## TRADEMARK ASSIGNMENT

The assignor, Ryan Bashour has registered with the U.S. Patent and Trademark Office the trademark CHOFFY BAR,  Registration No. 3616919, in International Class 12, for "candy bars" ("the CHOFFY BAR Mark").  Mr. Bashour hereby assigns all rights, including common law rights, title and interest in and to the CHOFFY BAR Mark, U.S.P.T.O. Registration No. 3616919 to Choffy, and all rights to sue for past infringement to the assignee, Choffy LLC, and to forego any further use of any CHOFFY-formative mark.

Dated: March 7, 2012

Signed:

Ryan Bashour

EXHIBIT B

# United States of America

### United States Patent and Trademark Office

# CHOFFY

**Reg. No. 4,225,665**

**Registered Oct. 16, 2012**

**Corrected Jan. 15, 2013**

**Int. Cls.: 30 and 35**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

CHOFFY LLC (WASHINGTON LIMITED LIABILITY COMPANY)
5019 NE HAZEL DELL AVE
VANCOUVER, WA 98663

FOR: ROASTED AND GROUND CACAO BEANS; ROASTED CACAO BEANS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 5-27-2008; IN COMMERCE 5-27-2008.

FOR: ON-LINE RETAIL STORE SERVICES FEATURING ROASTED AND GROUND CACAO BEANS, ROASTED CACAO BEANS, COCOA, COCOA-BASED BEVERAGES, CHOCOLATE, CHOCOLATE BEVERAGES, T-SHIRTS, SWEATSHIRTS, APRONS, TOTE BAGS, NON-ELECTRIC PRESS POTS AND MUGS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 9-5-2008; IN COMMERCE 9-5-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,616,919.

SER. NO. 85-568,512, FILED 3-13-2012.



Director of the United States Patent and Trademark Office